

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JELTRESS CHENICO WILLIAMSON,

    Petitioner,

v.                                                            Criminal Action No. 3:13CV525

ERIC WILSON,

    Respondent.

## MEMORANDUM OPINION

Jeltress Chenico Williamson, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition. The United States District Court for the Middle District of North Carolina ("Sentencing Court") convicted Williamson of possession with intent to distribute cocaine base and carrying a firearm during and in relation to a trafficking crime and sentenced him to 232 months of imprisonment. *United States v. Williamson*, No. 1:98–cr–00190–JAB–1, ECF No. 19, (W.D.N.C. Nov. 10, 1998). In his § 2241 Petition, Williamson asserts that, "[t]he § 851 notice in this case was used to activate the increased penalties under 21 USCS § 841(b)(1)(A) – § 4B1.1. Petitioner is now being held for a non-existent offense. *Alleyne*[2] has narrowed the scope of the

---

[1] That statute provides, in pertinent part:

    (c) The writ of habeas corpus shall not extend to a prisoner unless—
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

[2] In *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the Supreme Court addressed a defendant's mandatory minimum sentence of seven years for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). *Alleyne*, 133 S. Ct. 2155–56. The Supreme Court held that, other than

punishment the Petitioner is exposed to." (§ 2241 Pet. 7.)[3] Essentially, Williamson contends the enhanced sentence he received as a result of the application of 21 U.S.C. § 851 and the career offender enhancement under § 4B1.1 of the United States Sentencing Guidelines is unconstitutional in light of the decision in *Alleyne*. For the reasons set forth below, the action will be DISMISSED for WANT OF JURISDICTION.

### A.   Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to

---

prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." *Id.* at 2163.

[3] The Court employs the pagination assigned to Williamson's § 2241 Petition by the CM/ECF docketing system.

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B.   Analysis of Williamson's 28 U.S.C. § 2241 Petition

Williamson fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Williamson fails to demonstrate that "the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal*." *Id.* (emphasis added). The conduct of which Williamson stands convicted, possession with intent to distribute cocaine base and carrying a firearm during and in relation to a trafficking crime, remains a crime. *See Mabry v. Wilson*, --- F. App'x ----, No. 14–6430, 2014 WL 3766729, at *1 (4th Cir. Aug. 1, 2014) (concluding the decision in *Alleyne* fails to provide a basis seeking relief under § 2241); *Alsop v. Chandler*, 551

3

F. App'x 217, 218–19 (5th Cir. 2014) (concluding the decision in *Alleyne* fails to provide a basis for challenging convictions for distribution of cocaine base and conspiracy to distribute cocaine base under § 2241). Moreover, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333–34). Accordingly, the Court will DISMISS Williamson's 28 U.S.C. § 2241 Petition for want of jurisdiction.

An appropriate Order shall issue.

Date: 10-6-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge